UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MIRIAM PRINCE, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>    *Defendant*. ) | Case No: 1:19-cv-317<br><br>Judge Christopher H. Steger |

## MEMORANDUM OPINION

Plaintiff Miriam Prince seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 9].

For reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 15 ] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.    Procedural History**

In March 2017, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability of January 21, 2017. (Tr. 15). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result,

Plaintiff requested a hearing before an administrative law judge. (*Id.*).

In July 2018, ALJ Lauren Logan Benedict heard testimony from Plaintiff, Plaintiff's attorney representative, and a vocational expert. (*Id.*). The ALJ then rendered her decision, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 25). Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial of benefits; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in November 2019, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is ripe for adjudication.

## II.    Findings by the ALJ

The ALJ made the following findings concerning the decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021.

2. Plaintiff had not engaged in substantial gainful activity since January 21, 2017, the alleged onset date. (20 C.F.R. §§ 404.1571 *et seq.*).

3. Plaintiff had the following medically-determinable impairments: depression and anxiety (20 C.F.R. § 404.1520 *et. seq.*).

4. Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5. Plaintiff has the residual functional capacity to perform a full range of work.

6. Plaintiff is capable of performing past relevant work as a warehouse worker, quality control inspector, and assembly line worker. This work does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity (20 C.F.R. § 404.1565).

> 7. Plaintiff has not been under a disability, as defined in the Social Security Act, from January 21, 2017, through the date of the ALJ's decision (20 C.F.R. § 404.1520(f)).

(Tr. at 15-25).

### III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, plaintiffs must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there

is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching his decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, he must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial-evidence standard allows considerable latitude to administrative decision-makers. It presupposes a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Also, courts are not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived[.]'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

IV. **Analysis**

Plaintiff contends that substantial evidence does not support the ALJ's decision since Plaintiff has severe back problems. [Doc. 14 at PageID #: 419-22]. Plaintiff also asserts that the ALJ committed legal error by failing to consider the medical opinions properly. [*Id.* at PageID #: 422-25]. The Court will address each issue in turn.

A. **Severe Impairment**

Plaintiff's initial complaint is that the ALJ erred by finding that Plaintiff did not suffer a severe impairment as to Plaintiff's back. [Doc. 14 at PageID #: 419 ("The outcome of the entire case depends upon whether Plaintiff's back/spine problems are 'severe[.]'")]. A "severe impairment" is an impairment or combination of impairments, "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not "severe" if it has no more than a minimal impact on an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1522; Social Security Ruling (SSR) 85-28, 96-3p. Thus, to establish that her impairments were "severe," Plaintiff must show that her impairments more than minimally impact her ability to perform basic work activities for the twelve-month durational requirements under the Act. *See* 20 C.F.R. § 404.1522. As explained in S.S.R. 85-28,"[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28; 20 C.F.R. §§ 404.1522(b)(1)-(2) (defining "basic work activities" concerning physical capacities); 404.1522(b)(3)-(6) (defining "basic work activities" for mental capacities). The evidence that Plaintiff had a medically determinable impairment must come from

acceptable medical sources; while evidence from other medical sources may be used to show the severity of the impairment and how it affects her ability to work. *See* 20 C.F.R. § 404.1513(a), (d)(1). Yet, the existence of a medically-determinable impairment alone is insufficient to overcome the minimal-impact hurdle. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007); *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988). That is, even if Plaintiff has been diagnosed or treated for a condition, this diagnosis or treatment does not establish that the impairment was "severe."

Here, the ALJ reviewed the evidence from Plaintiff's alleged onset date and found that Plaintiff's back pain was not severe. (Tr. 19-24). Plaintiff's objections were based upon her subjective complaints; but the ALJ was not required to take Plaintiff at her word. 20 C.F.R. § 404.1529(a). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

The ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and other evidence in the record. (Tr. 18-23). *See* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, her daily-living activities, discrepancies within the record, and the medical opinions

not being supportive of the alleged disability. (Tr. at 18-23). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* S.S.R. 96–7p, 1996 WL 374186, at *7.

Plaintiff's medical file as to back pain mostly includes only consultative examination reports, and even those do not show significant physical impairments. (Tr. 324-45). Dr. Woodrow Wilson, a consultative examiner, noted that Plaintiff received "[n]o treatment for her back at all[.]" (Tr. 325). Plaintiff did not have any x-rays or magnetic resonance imaging of her back, and she had not undergone physical therapy, injections, or surgery. (Tr. 325). After conducting a consultative exam, Dr. Wilson observed that Plaintiff could get out of a chair without difficulty and that her gait was normal with a good cadence. (Tr. 326). Plaintiff could, observed Dr. Wilson, tandem walk six steps without much difficulty, go up on her toes, back on her heels, and balance weight on each foot independently. (Tr. 326).

Barbara James, Ph.D., also performed a psychological consultative exam on Plaintiff. (Tr. 329) Dr. James observed that Plaintiff was overweight, had normal posture, and displayed a normal gait. (*Id.*).

During the ALJ's hearing, Plaintiff stated that she had not received any treatment for her back because she did not have health insurance. (Tr. 36). But, it is plaintiffs who bear the burden of showing that they are disabled. If plaintiffs are denied treatment for financial reasons, they must present evidence that they sought (and were denied) treatment due to financial reasons. There is no indication that Plaintiff ever was denied medical treatment due to her financial circumstances. Plaintiff did not seek free medical treatment from a hospital or emergency room, or any rural health

clinic or health department with care for patients with no health insurance. *See Moore v. Comm'r of Soc. Sec.*, No. 14-1123-T, 2015 WL 1931425, at *3 (W.D. Tenn. Apr. 28, 2015) (citing *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("However, there is no evidence Goff was ever denied medical treatment due to financial reasons.")); *Tollison v. Colvin*, Case No. 2:12-CV-00004, 2014 WL 2864204, at *7 (M.D. Tenn. June 24, 2014) ("Because the burden is on the claimant to show that she is disabled, here, Plaintiff was required to present evidence of the efforts she made to obtain funding for a surgical repair . . . .").

Finally, the ALJ found that Plaintiff's functional capabilities were also supported by the medical opinion of state-agency physician, Martin Rubinowitz, M.D. (Tr. 22). Dr. Rubinowitz found that Plaintiff's back impairments were not severe because she could stand and walk without assistance. (Tr. 83, 105). The ALJ gave great weight to Dr. Rubinowitz's opinion because the record as a whole supported it. (Tr. 22) *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("ALJ gave appropriate weight to Dr. Caldwell's and Dr. Torello's opinions because both were supported by the record as a whole.").

The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. Therefore, the Court will not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

### B. The ALJ's consideration of the medical opinions

Plaintiff asserts that the ALJ improperly weighed the opinions of Plaintiff's physicians: Woodrow Wilson, M.D., Frank Pennington, M.D., and Jan Crean, M.D. [Doc. 14 at PageID#: 422-

25]. According to Plaintiff,"[a]ll three of these physicians found more than 'minimal' or 'slight' limitations with regard to Plaintiff's ability to stand, walk, lift and sit in a competitive work environment." [*Id.* at PageID #: 421]. And,"[s]urely with three out of four physicians assigning limitations significant enough to preclude Plaintiff's past work, the evidence of record sufficiently detracts from the Secretary's decision and establishes that substantial evidence does not support finding Plaintiff's back problems as 'non-severe.'" [*Id.* at PageID #: 422].

In response, the undersigned would first note that Plaintiff is correct in saying that each of these three physicians assigned more significant restrictions to Plaintiff than the ALJ ultimately found to be applicable. However, such discrepancy does not mean that the ALJ committed legal error. The Sixth Circuit, in *Shepard v. Commissioner of Social Security*, rejected a similar argument. 705 F. App'x 435, 442–43 (6th Cir. 2017). In that case, "Shepard argue[d] that the ALJ's [residual functional capacity ("R.F.C.")] lacks substantial evidence because no physician opined that Shepard was capable of light work." *Id.* at 442. Rejecting that argument, our appellate court noted that the ALJ has the "responsibility of determining the R.F.C. based on her evaluation of the medical and non-medical evidence." *Id.* (quoting *Rudd v. Comm'r of Soc. Sec.*, 531 Fed.Appx. 719, 728 (6th Cir. 2013)). The fact that medical sources assigned greater limitations does not invalidate the ALJ's determination of residual functional capacity because it is the ALJ's responsibility to formulate the R.F.C. *See* 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner."). In other words, an R.F.C. assessment is based upon the evaluation of the evidence as a whole, not just medical opinions. *See Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015) ("The district judge correctly decided that 'neither the applicable regulations nor Sixth Circuit law limit[s] the ALJ to consideration of

direct medical opinions on the issue of RFC.'") (remanded on other grounds).

Second, substantial evidence supports the finding that the ALJ properly evaluated each physician's opinion. ALJs are not required to explain the reasons for rejecting a consulting physician's opinion like they are for treating-physician opinions. *See Norris v. Comm'r. of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) ("[A]n ALJ need only explain its reasons for rejecting a treating source statement because such an opinion carries 'controlling weight' under the SSA.") (citing *Smith v. Comm'r. of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("[T]he S.S.A. requires ALJs to give reasons for only treating sources."). But ALJs are not required to give controlling weight to a treating physician if the treating physician's opinion is inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). That is, when an ALJ does not give a treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that their physician has deemed them disabled and thus "might be especially bewildered when told by an administrative bureaucracy that [they] [are] not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ will apply the treating physician rule and permits a meaningful review of its application. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

10

Case 1:19-cv-00317-CHS   Document 17   Filed 03/23/21   Page 10 of 13   PageID #: 455

Unlike treating-source opinions, however, opinions from examining and non-examining sources are never entitled to controlling weight, and the ALJ is not required to give "good reasons" for the weight given to non-treating source opinions. *See* 20 C.F.R. § 404.1527(c)(2); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("S.S.A. requires ALJs to give reasons for only treating sources"). The ALJ is merely to consider their opinions under the relevant regulatory factors and is not bound by any findings made by these sources. 20 C.F.R. § 404.1527. Under this deferential standard, ALJs are required only to (1) consider the opinions and (2) explain in the decision the weight given to the opinions. 20 C.F.R. § 404.1527.

Turning to Dr. Wilson's opinion, the ALJ explained how Dr. Wilson's opinion was inconsistent with the record. Consequently, he appropriately assigned such opinion little weight. (Tr. 22). Dr. Wilson's opinion was internally inconsistent in that he observed that Plaintiff seemed to be "functioning okay." (Tr. 326). Beyond that, Dr. Wilson's opinion was inconsistent with other clinical observations and with Plaintiff's activities of daily living. It further appeared that Dr. Wilson relied heavily on Plaintiff's subjective complaints in reaching his opinion because he noted that her chronic back pain had "not been evaluated well," she had an "apparent" history of diabetes mellitus, and "she thinks" she could lift up to 20 pounds occasionally. (Tr. 327). The ALJ is not required to accept wholesale Dr. Wilson's opinion. Indeed, here it appeared that Dr. Wilson rendered his opinion based upon Plaintiff's self-assessment. The ALJ is charged with the responsibility of interpreting Dr. Wilson's medical opinion in light of the totality of the evidence. *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014) (citing 20 C.F.R. § 416.927(b)); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. Aug. 7, 2014) (declining to give weight to a doctor's opinion that was only supported by the claimant's reported symptoms). Substantial evidence, thus, supports the ALJ's decision to give Dr. Wilson's opinion little weight.

Next, Dr. Pennington was a state-agency physician. While the ALJ may consider the non-examining doctor's opinions, the ALJ is not bound by them. *See Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 588 (6th Cir. 2013) ("Instead, the ALJ is charged with evaluating these experts' findings and reaching a reasoned determination as to the applicant's disability status.").

Finally, with respect to Dr. Crean's reasonable-accommodation request, such request was issued on May 9, 2016, outside the relevant period. In determining whether substantial evidence supports the ALJ's determination, the emphasis is on the relevant period. *See, e.g.*, *Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390–91 (6th Cir. 2015). That is not to say that evidence beyond that period is irrelevant. *See Ellis v. Schweicker*, 739 F.2d 245, 248–49 (6th Cir. 1984). But that evidence is generally of little probative value as to whether the claimant is disabled "during the insured time period . . . ." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004). Similarly, evidence that "predate[s] the alleged onset of disability [is] of limited relevance." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)). So, given the "limited relevance" of Dr. Crean's reasonable-accommodation request, the Court sees no reason to disturb the ALJ's assessment of her opinion. *See id.*

The discrepancies amongst Drs. Wilson, Pennington, and Crean were properly found by the ALJ to render their opinions less persuasive. *See Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 258 (6th Cir. 2016), *reh'g denied* (Sept. 20, 2016) ("An ALJ must also consider the opinion's supportability and consistency in discerning the amount of weight due. . . . The ALJ here found that the [ ] report lacked support in objective medical evidence and was internally inconsistent. Thus, the ALJ applied the proper analysis to the [ ] report."); *Vorholt v. Comm'r of Soc. Sec.*, 409 F. App'x 883, 889 (6th Cir. 2011) ("Further, the ALJ also determined that Deters's opinion was

internally inconsistent, which is an independent reason for granting it little weight."). The ALJ recognized that the medical sources offered greater limitations, properly evaluated them under the appropriate regulatory factors, and found them to be unpersuasive. An ALJ must consider all medical opinions in conjunction with any other relevant evidence received to determine a claimant's R.F.C. 20 C.F.R. §§ 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). The ALJ did that here, and the Court discerns no legal error.

## V. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 15] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE